**UNITED STATES of America, Plaintiff,**

**v.**

**Wanda R. CANADA, Defendant.**

**No. IP 72–C–23.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Jan. 6, 1977.

U. S. Atty. James B. Young, Indianapolis, Ind., and Alexander Younger, Dept. of Justice, Washington, D. C., for plaintiff.

Joseph W. Hadler, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on the motion of the plaintiff, United States of America, for partial summary judgment on the damages issue of Count I of its complaint and as to the issue of liability on Counts II, V, and VI of its complaint. The case is based upon the plaintiff's claim that the defendant, a licensed real estate broker during the times relevant to this action, in reselling six residential properties submitted false documents to the Federal Housing Administration (FHA) and thus violated the Federal False Claims Act, 31 U.S.C. §§ 231–235. The complaint also sounds in common law fraud and deceit. The complaint alleges that on account of the submission of the false documents the FHA sold the properties and paid commissions to the defendant for effecting the sales of the six properties.

The complaint alleges that the sales were financed by FHA mortgages and that the mortgages later went into default, causing the FHA, as guarantor, to have to pay the holder of the mortgage. The Government therefore seeks redress under the False Claims Act. This Court has previously entered a partial summary judgment on the issue of liability on Count I of the complaint in favor of the Government. The Government has now moved for partial summary judgment as to the issues of liability on Counts II, V, and VI of its complaint and for partial summary judgment on the remaining issue of damages on Count I.

■ With regard to the measure and extent of damages on Count I of the complaint, the uncontroverted evidence shows that the total gross damage incurred by the United States including acquisition costs, maintenance, selling expenses, and commission, equals $18,356.90. The False Claims Act provides that the United States may recover from a person who presents a false claim or causes a false claim to be presented to it a forfeiture of $2,000.00 plus an amount equal to double the amount of damages that the Government incurred by reason of the false claim. The property involved in Count I brought $13,750.00 when the FHA resold it, and the defendant is entitled to a credit in that amount. The

total gross damages must be doubled before the subtraction for compensatory payments is made. *United States v. Bornstein,* 423 U.S. 303, 96 S.Ct. 523, 46 L.Ed.2d 514 (1976). Therefore, the net amount of damages which is recoverable by the Government on Count I is $22,963.80.

■ Additionally, the Government is entitled to two forfeiture payments on Count I because that count involved two false claims: the one for the mortgage insurance, and the one for the commission. Accordingly, the United States is entitled to the entry of a judgment of $26,963.80 on Count I of its complaint which judgment will be entered upon the resolution of the remaining counts of the plaintiff's complaint. The Court does not believe there is a need for entry of judgment on Count I pursuant to Fed.R.Civ.P. 54(b), and therefore the Court will enter its judgment on Count I when all of the rights and liabilities of the parties are adjudicated.

■ The United States has moved for partial summary judgment on the issue of liability in Counts II, V, and VI of its complaint. In support of its motion the Government has submitted affidavits from individuals involved in the transactions in question which support the allegations in the complaint regarding the falsity of the documents submitted to the FHA. The defendant has submitted her own affidavit which controverts key matters stated in the plaintiff's affidavits regarding the intent of the persons who were buying the properties here in question in so far as occupancy is concerned. Other assertions in the plaintiff's affidavits are controverted by the defendant's affidavit.

The Government has labelled the defendant's affidavit "self-serving" and argues that it creates no genuine issues of material fact regarding Counts II, V, and VI. The defendant's affidavit does, however, directly conflict with plaintiff's affidavits. Even though the plaintiff's materials provide what is perhaps a more plausible rendition of the circumstances surrounding the transactions here in controversy, the Court cannot resolve that evidentiary conflict at the summary judgment level. The resolution of the controverted issues is dependent upon the credibility of the testimony regarding the intent of the purchasers of the property and what the defendant believed the intent to be, and, as the Advisory Committee has noted, "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Advisory Committee Note to 1963 Amendment to Fed.R.Civ.P. 56. Accordingly, plaintiff's motion for partial summary judgment on Counts II, V, and VI cannot be granted.

This Court having considered plaintiff's motion for partial summary judgment, the briefs in support thereof and in opposition thereto, and the evidentiary material submitted by the parties hereby GRANTS said motion as to the issue of damages on Count I of the plaintiff's complaint, and DENIES said motion as to the issue of liability on Counts II, V, and VI of the plaintiff's complaint.

IT IS SO ORDERED.